IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL THOMAS; DEBORAH LEE THORPE, Personal Representative of the Estate of Blake Snyder, Deceased; DEBORAH LEE THORPE, Individually,<br><br>      Plaintiff,<br><br>  vs.<br><br>THE ALCOHOLIC REHABILITATION SERVICES OF HAWAII, INC.,<br><br>      Defendant. | CIVIL 14-00176 LEK-BMK |

**ORDER DENYING PLAINTIFFS' MOTION FOR
SANCTION UNDER RULE 11(C)(2) AND RULE 30 AND
UNDER MODAL RULES 3.3, 3.4, AND 8.4 MISCONDUCT**

Before the Court is a Motion for Sanction Under Rule 11(c)(2) and Rule 30 and Under Modal[1] Rules 3.3, 3.4, and 8.4 Misconduct ("Motion") filed on December 15, 2015 by pro se Plaintiffs Michael Thomas ("Thomas"); Deborah Lee Thorpe, Personal Representative of the Estate of Blake Tyler Snyder ("Snyder"), Deceased; and Deborah Lee Thorpe, Individually ("Thorpe," collectively "Plaintiffs"). [Dkt. no. 87.] Defendant the Alcoholic Rehabilitation Services of Hawaii, Inc. ("Defendant") filed its memorandum in opposition on January 4, 2016. [Dkt. no. 90.]

---

[1] It is clear to the Court that Plaintiffs are citing the American Bar Association's Model Rules of Professional Conduct.

The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, the Motion is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

The Motion arises out of ongoing litigation between the parties related to Plaintiffs' efforts to get Snyder admitted to Defendant's Hina Mauka facility.  Snyder was not admitted to Hina Mauka, and he unfortunately died a few weeks later.  [Notice of Removal, filed 4/15/14 (dkt. no. 1), Exh. A (First Amended Complaint) ("Amended Complaint") at ¶¶ 43-44.]  Plaintiffs' Amended Complaint includes claims for, *inter alia*, violations of § 504 of the Rehabilitation Act of 1973, slander, and intentional infliction of emotional distress.  [Id. ¶¶ 53-67.]

The Motion seeks Fed. R. Civ. P. 11 and Fed. R. Civ. P. 30 sanctions against Defendant's attorney Gregory K. Markham, Esq., and also alleges that he violated the Hawai`i Rules of Professional Conduct.  [Motion at 2.]

**DISCUSSION**

Plaintiffs are proceeding pro se, and as such the Court must construe their filings liberally.  See, e.g., Pregana v. CitiMortgage, Inc., Civil No. 14-00226 DKW-KSC, 2015 WL 196667, at *2 (D. Hawai`i Apr. 30, 2015) ("The Court liberally construes the [plaintiffs'] filings because they are proceeding pro se." (citing Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987))).

**I.    Hawai`i Rules of Professional Conduct**

Plaintiffs state that the Motion is brought pursuant, in part, to "Mod[e]l Rules 3.3, 3.4, and 8.4 Misconduct of the American Bar Association's Mod[e]l Rules of Professional Conduct."  [Motion at 2 (emphasis omitted).]  Local Rule 83.3 states, "[e]very member of the bar of this court and any attorney permitted to practice in this court pursuant to LR83.1(d) or (e) shall be governed by and shall observe the standards of professional and ethical conduct required of members of the Hawaii State Bar."  Thus, "[t]he Local Rules of the District of Hawaii require attorneys practicing in the district to comply with the Hawaii Rules of Professional Conduct."  United States v. Gaitan-Ayala, CR No. 07-00268-01 JMS, 2008 WL 1752678, at *3 (D. Hawai`i Apr. 17, 2008) (citation omitted).

This district court has noted that "The Hawaii Rules of Professional Conduct, along with the Rules of numerous other states, are taken from the American Bar Association's Model Rules

of Professional Conduct." <u>Baham v. Ass'n of Apartment Owners of Opua Hale Patio Homes</u>, Civ. No. 13-00669 HG-BMK, 2014 WL 413495, at *2 n.2 (D. Hawai`i Feb. 4, 2014).  The Court therefore CONSTRUES Plaintiff's Motion as seeking relief pursuant to the Hawai`i Rules of Professional Conduct.

The Hawai`i Rules of Professional Conduct state, in pertinent part:

> Violation of a Rule should not itself give rise to a cause of action against a lawyer nor should it create any presumption in such a case that a legal duty has been breached.  In addition, violation of a Rule does not necessarily warrant any other nondisciplinary remedy, such as disqualification of a lawyer in pending litigation.  The Rules are designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies.  They are not designed to be a basis for civil liability.  Furthermore, the purpose of the Rules can be subverted when they are invoked by opposing parties as procedural weapons.  The fact that a Rule is a just basis for a lawyer's self-assessment, or for sanctioning a lawyer under the administration of a disciplinary authority, does not imply that an antagonist in a collateral proceeding or transaction has standing to seek enforcement of the Rule.  Nevertheless, since the Rules do establish standards of conduct by lawyers, a lawyer's violation of a rule may be evidence of breach of the applicable standard of conduct.

Haw. R. Prof'l Conduct, Scope at ¶ 7.  Further, "[f]ailure to comply with an obligation or prohibition imposed by a Rule is a basis for invoking the disciplinary process." <u>Id.</u> at ¶ 6.  It is clear from the plain language of the Hawai`i Rules of Professional Conduct that they may not be enforced against an

opposing party via sanctions. As such, insofar as Plaintiffs' Motion seeks sanctions under the Hawai`i Rules of Professional Conduct, the Motion is DENIED.

## II.  Fed. R. Civ. P. 11

Plaintiff's Fed. R. Civ. P. 11 claim primarily concerns the deposition of non-party witness Elizabeth Gonzalez ("Gonzalez"), Synder's former social worker. [Amended Complaint at ¶ 42.] Rule 11 states, in relevant part:

> (b) **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>>
>> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>>
>> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>>
>> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.
>
> (c) **Sanctions.**

> > . . . .
>
> > (2) **Motion for Sanctions.** A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.  If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

The Court commends Plaintiffs for following the proper procedure in filing the Motion.  It is clear to the Court, however, that Plaintiffs are not entitled to Rule 11 sanctions.

On August 24, 2015, Defendant filed:  (1) a Motion for Summary Judgment Re: Plaintiff Deborah Lee Thorpe, Personal Representative of the Estate of Blake Snyder, Deceased and Deborah Lee Thorpe, Individually; and (2) a Motion for Summary Judgment Re: Plaintiff Michael Thomas (collectively "Motions for Summary Judgment").  [Dkt. nos. 60, 62.[2]]  On October 8, 2015, Plaintiffs filed a joint Fed. R. Civ. P. 56(d) motion and a memorandum in opposition to the Motions for Summary Judgment ("10/8/15 Submission").  [Dkt. no. 72.]  Defendant filed a reply in support of the Motions for Summary Judgment ("Summ. Judg.

---

[2] In an entering order filed on January 21, 2016, the Court reserved ruling on the Motions for Summary Judgment until Plaintiffs' appeal of the magistrate judge's order regarding two separate discovery-related motions is resolved.  [Dkt. no. 98.]

Reply") on October 26, 2015. [Dkt. no. 76.]

      Plaintiffs assert that, in the 10/8/15 Submission, they "exercised great care in order to be factually accurate and truthful in their representations to the Court that Defendant's counsel **may** have coached witness Elizabeth Gonzalez prior to and on the Day of Her Deposition." [Mem. in Supp. at 2 (emphasis in original).] They argue that Defendant's statement that "Plaintiffs [sic] attempt to confuse and improperly influence the Court to believe that Defendant's counsel had improper communications with an unrepresented person[,]" [Summ. Judg. Reply at 10,] is a "very serious accusation of misconduct" and that it is a "material misrepresentation" subject to sanctions under Fed. R. Civ. P. 11(c)(2). [Mem. in Supp. of Motion at 3.]

      "'Rule 11 is an extraordinary remedy, one to be exercised with extreme caution.'" Bald v. Wells Fargo Bank, N.A., Civil No. 13-00135 SOM/KSC, 2013 WL 6487470, at *3 (D. Hawai`i Dec. 10, 2013) (quoting Operating Engineers Pension Trust v. A-C Co., 859 F.2d 1336, 1345 (9th Cir. 1988)). Defendant's statement in its memorandum in opposition is not subject to Fed. R. Civ. P. 11 sanctions because it is not baseless. See Buster v. Grelsen, 104 F.3d 1186, 1190 (9th Cir. 1997) ("'Frivolous' filings are those that are 'both baseless and made without a reasonable and competent inquiry.'" (quoting Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir. 1990) (en

banc))), *abrogated on other grounds by* <u>Fossen v. Blue Cross & Blue Shield of Mont., Inc.</u>, 860 F.3d 1102 (9th Cir. 2011).

Nothing prohibits an attorney from speaking with a deponent who is not represented by counsel:

> (a) In dealing on behalf of a client with a person who is not represented by counsel, a lawyer shall not state or imply that the lawyer is disinterested.  When the lawyer knows or reasonably should know that the unrepresented person misunderstands the lawyer's role in the matter, the lawyer shall make reasonable efforts to correct the misunderstanding.
>
> (b) The Lawyer shall not give legal advice to an unrepresented person, other than the advice to secure counsel, if the lawyer knows or reasonably should know that the interests of such a person are or have a reasonable possibility of being in conflict with the interest of the lawyer's client.

Haw. R. Prof'l Conduct, Rule 4.3 (dealing with unrepresented persons).  Defendant states that its actions were consistent with Rule 4.3 of the Hawai`i Rules of Professional Conduct, as "two attorneys from Defendant's counsel's law firm, Gregory K. Markham, Esq. and Mari L. Tsukayama, Esq., spoke to Ms. Gonzalez prior to her deposition and informed her that this law firm represents Defendant and was, therefore, not disinterested, and no legal advice was given to Ms. Gonzalez."  [Mem. in Opp. to Motion at 8.]  Therefore, Plaintiffs' argument that "[a]ny answers that Ms. Gonzalez gave to Mr. Markham's questions during Mr. Markham's furtive telephone conversation(s) with Ms. Gonzalez were not given under oath, and that Plaintiffs were wrongfully

denied their right to cross examine Ms. Gonzalez[,]" [Mem. in Supp. of Motion at 6,] is incorrect as a matter of law.

Defendant's statement was "warranted by existing law," see Fed. R. Civ. P. 11(b)(2), and Plaintiff's Motion, insofar as it seeks sanctions under Rule 11, is DENIED.

### III. **Fed. R. Civ. P. 30**

Finally, Plaintiffs seek sanctions against Defendant pursuant to Fed. R. Civ. P. 30, which provides, in pertinent part, "[t]he court may impose an appropriate sanction – including the reasonable expenses and attorney's fees incurred by any party – on a person who impedes, delays, or frustrates the fair examination of the deponent."  Fed. R. Civ. P. 30(d)(2).

Plaintiffs seek Fed. R. Civ. P. 30 sanctions based on their belief that Defendant coached Gonzalez, which they argue amounts to an "[e]ffort[] to obstruct the disclosure of relevant information." [Mem. in Supp. of Motion at 11.]  Specifically, Plaintiffs assert that Defendant "coached" Gonzalez during her deposition, and cite the repeated use of the term "fast-paced" as well as what they believe is a change in her testimony regarding the availability of a bed at Hina Mauka.  [Id. at 6-10.]

> Under Rule 30(d)(2), the moving party's burden is twofold.  First, the movant must identify language or behavior that impeded, delayed, or frustrated the fair examination of the deponent.  See FED. R. CIV. P. 30(d)(2).  When making this inquiry, the court will look to: (1) the specific language used (*e.g.*, use of offensive words or inappropriate tones); the

9

> conduct of the parties (*e.g.*, excessive objections or speaking objections); and (3) the length of the deposition. Second, the movant must identify "an appropriate sanction." <u>Id.</u> The Ninth Circuit provides District Courts with wide discretion to fashion "an appropriate sanction." <u>Yeti by Molly, Ltd. v. Deckers</u>, 259 F.3d 1101, 1106 (9th Cir. 2001); <u>Von Brimer v. Whirlpool Corp.</u>, 536 F.2d 838, 844 (9th Cir. 1976). The Court will not engage in an open-end inquiry regarding what an appropriate sanction is without input from counsel.

<u>Dunn v. Wal-Mart Stores, Inc.</u>, No. 2:12-cv-01660-GMN-VCF, 2013 WL 5940099, at *5 (D. Nev. Nov. 1, 2013). The evidence that Plaintiffs provide does not show that Mr. Markham "coached" Gonzalez. Repeated use of the term "fast-paced" by multiple parties is not irregular in this context – the parties were describing a treatment program for which prospective patients must be screened to determine whether or not a placement is appropriate. Further, while Plaintiffs assert that Gonzalez changed her testimony about the availability of a bed at Hina Mauka, the record shows otherwise. At her deposition, Thorpe asked Gonzalez if she recalled saying "a bed has opened for him and they're going to contact me for intake for Blake[,]" to which Gonzalez replied "[y]es, correct, I did." [Mem. in Supp. of Motion, Decl. of Michael Thomas, Exh. A (excerpts of 9/15/15 Depo. of Elizabeth Gonzalez) ("Gonzalez Depo.") at 3.] Later in the deposition, Thorpe asked:

> Q. Right. So when you submitted the paperwork to Hina Mauka, and they contacted you to say a bed had opened up for Blake and you contacted me, that

was definitely an open opportunity because of Blake – a bed was offered for Blake?

Mr. Markham: Well, objection, misstates testimony, it's argumentative, misstates evidence.

Ms. Thorpe: No, Elizabeth actually –

Mr. Markham: Argumentative.

Ms. Thorpe: – stated that she contacted me early in her testimony here, and that Hina Mauka – Hina Mauka had contacted her to say there was a bed open for Blake.

Mr. Markham: I never heard the word –

Ms. Thorpe: And they were going to –

Mr. Markham: – bed open for Blake –

Ms. Thorpe: I kind –

Mr. Markham: – ever in her testimony.

Ms. Thorpe: I kind of said that three times. Can we go back and find all of those?

The Witness [Gonzalez]: There's a bed open is –

By Ms. Thorpe:

    Q. Sorry.

    A. – what they said.

    Q. There's a bed open.

    A. Right.

    Q. And they're going to contact you for Blake.

    A. Yes.

    Q. Right.

    A. Not a bed open for Blake. Like, there's

a bed open.

[Gonzalez Depo. at 4-5.] While Plaintiffs allege that "Ms. Gonzalez qualified her answer to exclude '**for him**' following a colloquy during which Mr. Markham interrupts Plaintiff Thorpe in order to deny Ms. Gonzalez's own earlier testimony, and thereby Mr. Markham prompts Ms. Gonzalez to change her testimony[,]" [Mem. in Supp. of Motion at 9 (emphasis in original),] Gonzalez never stated "for him." Further, it is clear from the record that Mr. Markham's interruption was to state an objection, not to "prompt" Gonzalez.[3] Plaintiffs' Motion, insofar as it seeks sanctions under Fed. R. Civ. P. 30 is therefore DENIED.

## CONCLUSION

On the basis of the foregoing, Plaintiffs' Motion for Sanction Under Rule 11(c)(2) and Rule 30 and Under Modal Rules 3.3, 3.4, and 8.4 Misconduct, filed on December 15, 2015, is HEREBY DENIED.

IT IS SO ORDERED.

---

[3] While it does not find counsel's conduct to rise to the level of misconduct asserted by Plaintiff, the Court is troubled by Mr. Markham's interruptions during this particular portion of the deposition. He should be mindful that only **legal** objections can be made. Therefore a statement such as "I never heard the word bed open for Blake ever in her testimony" is not appropriate and obstructs the questioner. See Gonzalez Depo. at 5. Any similar conduct in the future may likely be sanctioned. The Court reminds both parties that, should a discovery issue arise in the future, they may seek expedited discovery assistance with the magistrate judge pursuant to Local Rule 37.1(c).

DATED AT HONOLULU, HAWAII, January 28, 2016.



    /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**MICHAEL THOMAS, ET AL. VS. ALCOHOLIC REHABILITATION SERVICES OF HAWAII, INC.; CIVIL 14-00176 LEK-BMK; ORDER DENYING PLAINTIFFS' MOTION FOR SANCTION UNDER RULE 11(C)(2) AND RULE 30 AND UNDER MODAL RULES 3.3., 3.4, AND 8.4 MISCONDUCT**